# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BLAKE EQUIPMENT CO., INC.,<br>Plaintiff,<br>v.<br>H. ALLAN FOLLETT,<br>Defendant. | CA 06 37 ML<br>C.A. No. |

## COMPLAINT

1. Plaintiff Blake Equipment Co., Inc. ("Blake") is a Connecticut corporation, with its principal place of business located at 61 West Dudley Town Road, Bloomfield, Connecticut.

2. Defendant H. Allan Follett ("Follett") is a resident of Rhode Island. He is the president and sole shareholder of A & W Artesian Well Company ("Artesian"), a Rhode Island corporation with its principal place of business located at 706 St. Paul Street, North Smithfield, Rhode Island.

3. This court has jurisdiction pursuant to 28 U.S.C. § 1332(a), in that there is diversity of citizenship and the amount in controversy exceeds $75,000.00. Venue is proper under 28 U.S.C. § 1391 because the defendant resides in this district.

4. Blake filed a complaint against Follett and Artesian with this Court on or about May 6, 2004 for payment for equipment delivered by Blake to Artesian.

5. On or about November 8, 2004 a Settlement Agreement resolving the issues raised in that case was executed by Follett. The Settlement Agreement was executed by Blake on November 8, 2005. A copy of the Settlement Agreement is attached hereto as Exhibit A. A First Amendment to the Settlement Agreement is attached hereto as Exhibit B.

6. Pursuant to Paragraph 2 of the Settlement Agreement, Artesian agreed to execute a promissory note in favor of Blake in the amount of $412,216.00. The terms required regular monthly payments be made to Blake commencing November 1, 2004.

7. Paragraph 6 of the Settlement Agreement provides:

> In the event that A & W Artesian fails to make any payment required by paragraphs 1 and 2 above within (10) days of the scheduled payment date, and five (5) days have elapsed since a notice of default has been sent to A & W by Blake, A & W Artesian and Follett agree that Blake shall be entitled without any further preconditions to <u>enter a judgment by consent against them</u> ("Consent Judgment") in the United States District Court for the District of Rhode Island <u>and to immediately levy and execute on the Consent Judgment without need for further court action.</u> A & W and Follett shall cooperate and carry out any acts necessary for Blake to immediately secure the Consent Judgment. The Consent Judgment shall be for the total amount due under paragraphs 1 and 2 that A & W Artesian has not paid to Blake, plus prejudgment interest calculated from the date that payment or payments became overdue, plus reasonable attorney's fees for entering and collecting on the Consent Judgment (emphasis added).

8. Artesian has defaulted on all payments due Blake under the Settlement Agreement, as amended, after December 15, 2005. Blake sent a notice of default on or about January 13, 2006.

9. As of January 25, 2006, Blake is entitled to a Consent Judgment against Follett in the amount of $216,656.33, plus reasonable attorneys' fees and costs.

10. Follett has breached the Settlement Agreement by refusing to cooperate to immediately secure the Consent Judgment, as required by the Settlement Agreement.

WHEREFORE, Blake Equipment Co., Inc. prays that this Court enter judgment in favor of Blake against Follett in the amount of $216,656.33, plus interest and Blake's reasonable attorneys' fees and costs, and for any such other relief as this Court deems just.

BLAKE EQUIPMENT CO., INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: January 26, 2006

837953_1/248-2